IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLES WILEY RAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12cv1027-CSC |
| | ) (WO) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.  Introduction**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. alleging that he was unable to work because of a disability.  His application was denied at the initial administrative level.  The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.  The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  The parties have consented to the United States Magistrate

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1)   Is the person presently unemployed?
> (2)   Is the person's impairment severe?
> (3)   Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)   Is the person unable to perform his or her former occupation?
> (5)   Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). Substantial evidence is "more than a scintilla," but less than a preponderance; it "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (quotation marks omitted). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

**A. Introduction**. The plaintiff was 47 years old on the date of onset of disability. (R. 118), and 48 years old on the date of the administrative hearing. (R. 13, 32). He has completed high school and graduated from college. (R. 34). His past work experience

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

includes work as police officer and patrol sergeant. (R.34-35, 45). Following the hearing, the ALJ concluded that the plaintiff has severe impairments of "deep venous thrombosis; hypertension; and arthritis." (R. 12). The ALJ determined that "the claimant has the residual functional capacity to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a)" with additional restrictions. (R. 13). Following the hearing, the ALJ concluded that the plaintiff was unable to perform his past relevant work, but, using the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P., App. 2, as a framework and relying on the testimony of a vocational expert, he also concluded that there were significant number of jobs in the national economy that the plaintiff could perform. (R. 23). Accordingly, the ALJ concluded that the plaintiff was not disabled. (R. 23-24).

**B. Plaintiff's Claims**. As stated by the plaintiff, he presents the following issues for the Court's review.

> I.   Whether the Commissioner of Social Security made a proper and just decision regarding the Plaintiff's Social Security claim for Disability Insurance Benefits.
>
>>  A.   Whether the Commissioner of Social Security erred in rewording pertinent evidence.
>>
>>  B.   Whether the Commissioner of Social Security erred in failing to consider all relevant evidence.

(Doc. # 12, Pl's Br. at 5).

## IV. Discussion

A disability claimant bears the initial burden of demonstrating an inability to return

to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings, (2) diagnoses of examining physicians, (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends, and (4) the claimant's age, education, and work history. *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker,* 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> *Any* such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual *shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.*

42 U.S.C. § 405(b)(1) (emphases added).  Within this analytical framework, the court will address the plaintiff's claims.

    **A.**    **Rewording Pertinent Evidence.**  Railey argues that the ALJ improperly "changed the wording of Dr. Adediji's assessment," and in doing so, "made a false and unjust error in his decision." (Doc. # 12 at 8). Of course, this hyperbole is not the standard for evaluating the decision of the ALJ.  Pursuant to the substantial evidence standard, this court's review is a limited one; the entire record must be scrutinized to determine the

reasonableness of the ALJ's factual findings. *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

On August 26, 2011, Dr. Oluyiwka Adediji conducted a medical examination of Railey at the request of the Social Security Administration. (R. 309-320). He provided a five (5) page narrative and completed a four (4) page medical source statement of ability. (*Id.*) After thoroughly detailing his evaluation, Dr. Adediji wrote that "[t]he claimant is able to do sedentary activities that would not require prolonged standing sitting or **working**." (R. 313) (emphasis added). After considering Dr. Adediji's assessment in determining Railey's residual functional capacity, the ALJ gave "substantial weight to Dr. Adediji's assessment that reflects the claimant is able to do sedentary activities that would not require prolonged standing, sitting or **walking**." (R. 21) (emphasis added). Railey seizes on the difference between Dr. Adediji's use of the word "working" in his narrative and the ALJ's use of the word "walking" to assert that the ALJ erroneously altered Dr. Adediji's assessment. Railey parses the ALJ's determination too finely. This sentence must be considered in context with the full narrative and medical source determination. Railey's attempt to proof text this particular statement disregards Dr. Adediji's other statements regarding Railey's ability to sit, stand and walk. *See* R. 309 ("Since then he has experienced increased pain and swelling in the left leg. Pain is moderate to severe and aggravated by sitting and standing for any period of time as brief as 1 hour. He can walk but less than 1 mile before he has to stop due to pain and swelling in the left leg"); R. 310

("As far as occupation, he is not able to perform the duties of police officer he had done for 27 years and likewise any activity requiring prolonged sitting, standing or long walk."): R. 316 ("SITTING/STANDING/WALKING").  It is apparent that Dr. Adediji's reference to Railey's ability to sit, stand and **work** is simply a scrivener's error, occurring perhaps as the result of faulty transcription.

More importantly, however, the ALJ properly considered Dr. Adediji's assessment in determinating the plaintiff's residual functional capacity ("RFC").  The ALJ determined that Railey had the residual functional capacity

> to perform a less than the full range of sedentary work as defined in 20 CFR 404.1567(a) he must periodically alternate sitting and standing to relieve pain or discomfort; occasionally elevate left to foot stool height; occasional pushing and pulling with upper and lower extremities; no climbing ladders, ropes, scaffolds; occasional climbing ramps and stairs; occasional balancing, kneeling, crouching, crawling, stooping; no overhead reaching bilaterally; frequent reaching in other directions; frequent handling, fingering, feeling; avoid concentrated exposure to extreme heat and cold; avoid all dangerous machinery and unprotected heights.

(R. 13).

It is the responsibility of the ALJ to independently assess a claimant's residual functional capacity "based upon all of the relevant evidence." 20 CFR § 404.1545(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) ("Responsibility for assessing residual functional capacity at the administrative law judge hearing . . . level.  If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible

for assessing your residual functional capacity.") *See also Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) ("The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."). "Residual functional capacity, or RFC, is a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. § 416.945(a)." *Peeler v. Astrue,* 400 Fed. Appx. 492, 494 n.2 (11th Cir. 2010).

The plaintiff's argument that Dr. Adediji opinion that he could only perform sedentary activities that did not include working improperly conflates the nature of residual functional capacity with the responsibility for making the residual functional capacity and disability determination. The Commissioner's regulations clearly show who is responsible for making the residual functional capacity determination when a case has reached the administrative law judge hearing.

> If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity.

20 CFR § 404.1546.

In addition, it is the ALJ's responsibility to determine disability. *See* 20 C.F.R. § 404.1527(d) (stating that dispositive issues such as whether the claimant is "unable to work," and the claimant's residual functional capacity, are "issues reserved to the

Commissioner;" medical source opinions on these matters will not be given "any special significance").

**B.     Failed to consider all relevant evidence.**  The plaintiff also argues that the ALJ failed to properly consider all evidence, particularly the evidence from his treating physicians suggesting that he pursue disability.  (Doc. # 12 at 8).  Specifically, Railey complains that "[a]lthough [his] treating and examining physicians agreed that the claimant should qualify for disability benefits, Judge Martin gave only partial credit to Dr. Ben Smith's assessment . . . but failed to consider or give weight to any of the other treating or examining physician's opinions of the claimant's ability to perform work related activities." (*Id*. at 8-9).

In essence, Railey argues that the ALJ should have accepted his physicians' opinions that he qualified for disability. However, the ALJ was not required to accept his treating physicians' opinions that he "should be considered" for disability.  First, the ALJ did consider Railey for disability and found that he did not meet the requirements for disability benefits.  Next, the ALJ reviewed and considered all the medical evidence in the record in determining whether Railey is disabled within the meaning of 42 U.S.C. § 423(d).  The court has independently considered the record as a whole and finds that the record provides substantial support for the ALJ's conclusions. Consequently, the court concludes there was sufficient medical evidence before the ALJ from which he properly could make a disability determination.

To the extent that Railey contends that the ALJ should have accepted his physicians' opinions, the court disagrees. Of course, the law in this circuit is well-settled that the ALJ must accord "substantial weight" or "considerable weight" to the opinion, diagnosis, and medical evidence of the claimant's treating physician unless good cause exists for not doing so. *Jones v. Bowen,* 810 F.2d 1001, 1005 (11th Cir. 1986); *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985). The Commissioner, as reflected in her regulations, also demonstrates a similar preference for the opinion of treating physicians.

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultive examinations or brief hospitalizations.

*Lewis*, 125 F.3d at 1440 (citing 20 CFR § 404.1527 (d)(2)). The ALJ's failure to give considerable weight to the treating physician's opinion is reversible error. *Broughton*, 776 F.2d at 961-62.

However, there are limited circumstances when the ALJ can disregard the treating physician's opinion. The requisite "good cause" for discounting a treating physician's opinion may exist where the opinion is not supported by the evidence, *or* where the evidence supports a contrary finding. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical

10

evidence. *See Jones v. Dep't. of Health & Human Servs.*, 941 F.2d 1529, 1532-33 (11th Cir. 1991); *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991); *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). The weight afforded to a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence of the claimant's impairment. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). The ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983). The ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Schnorr*, 816 F.2d at 581.

On September 15, 2010, Dr. Ben Smith wrote a letter on Railey's behalf. (R. 254). According to Dr. Smith, Railey

> has a history of DVT times 2, with chronic leg pain, shortness of breath, accelerated hypertension, edema, and fatigue. His exercise status is diminished. He is at increased risk of thromboembolism. He will require life long coumadin treatment due to his multiple chronic conditions. I feel he should be considered for permanent disability.

(*Id.*).

After reviewing the medical evidence, the ALJ gave Dr. Smith's opinion "some weight." (R. 21).

> [T]he undersigned gives some weight to Dr. Smith's opinion that the claimant needs to keep his leg elevated and continue pain medications and Coumadin but reject (sic) the portion that he should apply for permanent disability with

11

pain and numbness and swelling he is at risk for himself and others (Exhibit 7F). His opinion is supported by his own clinical examinations and testing. (*Id*.). After a thorough review of Railey's treatment records, the ALJ discounted Dr. Smith's opinion only in part. His decision to give Dr. Smith's opinion some weight is supported by substantial evidence. While it is undisputed that Railey cannot return to work as a police officer, the evidence does not support Dr. Smith's opinion that Railey can perform *no* work at all.[4]

Railey testified at the administrative hearing that he does light cooking and general housework. (R. 38). He takes only over-the-counter pain medication of Tylenol and Aleve; he takes no prescription pain medication. (R. 43). In his application for disability, Railey indicated that he cares for his two children. He also cooks, washes clothes, prepares food, and cleans. (R. 164-66). He walks, drives, and rides in a car. (R. 166). He goes shopping once every two weeks for approximately two hours each time. (*Id*.) He also attends church and sporting events at the local high school and university. (R. 167). The ALJ examined and evaluated the treatment records for evidence supporting Dr. Smith's assessment of Railey's ability to work, and he considered Railey's own testimony. Only then did the ALJ discount Dr. Smith's opinion that Railey was unable to work.[5] Based upon its review of the

---

[4] On August 16, 2010, Dr. Keith Thompson opined that he was "certainly concerned about [Railey's] ability to continue his chosen field of work." (R. 204).

[5] The court notes that on June 11, 2012, nine months after Dr. Smith's letter, Dr. Smith noted that Railey "state[d] injured left leg at work today and takes Coumadin and was concerned about swelling." (R. 344). This notation contradicts Dr. Smith's opinion that Railey is disabled.

ALJ's decision and the objective medical evidence of record, the court concludes that the ALJ properly rejected Dr. Smith's opinion regarding Railey's eligibility for disability benefits.

The court finds no legal error in the ALJ's consideration of the underlying basis of Dr. Smith's opinion and the extent to which his opinion was consistent with the record as a whole. *See* 20 C.F.R.404.1527(c) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. . . . Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Moreover, while the ALJ properly considered medical source opinions in considering whether Railey was disabled, Dr. Smith's medical opinion was not controlling on that issue. *See* 20 C.F.R. 404.1527(d)(1) (Opinions on disability are issues reserved to the Commissioner . . . [The Commissioner is ] responsible for making the determination or decision about whether [a claimant] meet[s] the statutory definition of disability. . . . A statement by a medical source that [the claimant is] "disabled" or "unable to work" does not mean that [the Commissioner' will determine that [the claimant is] disabled.") Consequently, Dr. Smith's opinion that Railey qualifies for disability is not dispositive.

It is not the province of this court to reweigh evidence, make credibility determinations, or substitute its judgment for that of the ALJ. Instead the court reviews the

13

record to determine if the decision reached is supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence "is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Given this standard of review, the court concludes that the ALJ's disability determination is consistent with the medical evidence as a whole as well as Railey's testimony about his impairments and abilities. In short, after a careful examination of the administrative record, the court concludes that substantial evidence supports the conclusion of the ALJ concerning Railey's ability to work.

## V. Conclusion

For the foregoing reasons, the court concludes that the decision of the Commissioner is due to be affirmed. A separate final judgment will be entered.

Done this 18th day of October, 2013.

                                     /s/Charles S. Coody
                                     CHARLES S. COODY
                                     UNITED STATES MAGISTRATE JUDGE